UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff/Respondent,

**MEMORANDUM OPINION AND ORDER**
Crim. No. 15-108 (01) (MJD)

v.

Anthony Curtis Harris,

      Defendant/Petitioner.

_____

      Amber M. Brennan, Assistant United States Attorney, Counsel for Respondent.

      Petitioner, *pro se*.

_____

This matter is before the Court upon the petition of Anthony Harris to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.

## I.    Procedural History

On September 10, 2015, Petitioner pleaded guilty to Count 1 of the Indictment which charged conspiracy to distribute more than 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana and 500 grams or more of a mixture and substance containing a detectable amount of

cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and 846.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") advising that the total offense level for the crime of conviction was 35 and that his criminal history category was III. In calculating the applicable guideline range, the probation office found that the base offense level was 30 based on Petitioner's stipulation that he was responsible for more than 1,000 but less than 3,000 kilograms of marijuana. The probation office also applied a two level enhancement because Petitioner possessed a dangerous weapon, § 2D1.1 (b)(1), a two level enhancement for maintaining a drug premises, § 2D1.1(b)(12), and a four level enhancement for aggravating role, § 3B1.1(a).

Petitioner objected to the two level enhancement for possession of a dangerous weapon and the two level enhancement for maintaining a premises for the purpose of manufacturing or distributing drugs. (Position on Sentencing [Doc. No. 173].)

Prior to sentencing, the Court held an evidentiary hearing during which it heard testimony from Special Agent Kylie Williamson from the Bureau of Alcohol, Tobacco and Firearms. Agent Williamson testified as to her

participation in the investigation of Petitioner's crimes and the search warrant executed at the apartment he shared with Sarah Conner in San Diego, California. As a result of the search, law enforcement found packaging materials in a bedroom closet, more packaging material and a digital scale in the bathroom and a .22 caliber Smith & Wesson in Petitioner's bedroom closet. In addition, Williamson testified that Ms. Conner told investigators that Petitioner allowed her to live in the apartment rent-free in exchange for her packaging and shipping controlled substances for Petitioner.

The Court also presided over the trial of co-defendant Kevin Brown. At trial, Ms. Conner testified that the materials found in the apartment she shared with Petitioner were the materials she used to ship controlled substances for the Petitioner.

Based on testimony of Agent Williamson and the evidence presented at the trial of co-defendant Kevin Brown, the Court found sufficient evidence had been presented upon which to base the enhancement for possession of a dangerous weapon and for maintaining a drug premises.

The Court granted Petitioner's motion for downward departure pursuant to § 4A1.3(b)(1), finding that a criminal history category III over-represented

Petitioner's criminal history and the likelihood he would reoffend.  The Court found the applicable guideline range to be 188 to 235 months, based on a total offense level 35, category II.  The Court varied down from this guideline range and sentenced Petitioner to a term of imprisonment of 144 months, followed by five years supervised release.

Petitioner filed a Notice of Appeal, but later moved to dismiss his Appeal, which motion was granted.

On March 27, 2017, Petitioner filed the instant petition, claiming his defense counsel provided ineffective assistance of counsel.

## II.     Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors.  Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011).  It is not intended to be a

substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

Petitioner is entitled to an evidentiary hearing on his petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

### III. Merits Determination

Claims of ineffective assistance of counsel may constitute both cause and

prejudice to excuse a procedural default.  Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999) (citation omitted).  Such claims must be scrutinized under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984).  Under the Strickland test, Petitioner must prove that: 1) counsel's representation was deficient; and 2) counsel's deficient performance prejudiced Petitioner's case.  Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000) reh'g and reh'g en banc denied, (March 28, 2000).

To satisfy the first prong of the Strickland test, Petitioner must show that counsel's representation fell below an objective standard of reasonableness under professional norms.  Strickland, 466 U.S. at 688.  The inquiry should be whether counsel's assistance was reasonable considering all of the circumstances surrounding the case.  Id.  Judicial scrutiny of counsel's performance should be highly deferential and the general presumption is that counsel's conduct "falls within the wide range of reasonable professional assistance."  Id. at 689.

To satisfy the second prong under the Strickland test, Petitioner must show a reasonable probability that but for counsel's errors, the outcome of the proceedings would have been different.  Id. at 694.  The analysis may begin with the second prong and if Petitioner fails to show actual prejudice, the Court need

not consider the reasonableness of counsel's behavior. Id.

### A. Failure to Object to Enhancement for Possession of Dangerous Weapon

Petitioner argues that counsel rendered ineffective assistance of counsel by failing to argue that the enhancement for possession of a dangerous weapon in connection with a drug trafficking offense is not necessarily warranted where a gun is found in a home where drug paraphernalia is also found. In support, Petitioner relies on the decision in <u>Bailey v. United States</u>, 516 U.S. 501 (1995), in which the Supreme Court held a conviction under 18 U.S.C. § 924(c)(1), which criminalizes use of a firearm during and in relation to drug trafficking, requires more than a showing of mere possession by a person that commits a drug offense. <u>Bailey</u> does not apply here, however, as Petitioner was not convicted under § 924(c)(1). Instead, the issue is the proper application of a sentencing guideline enhancement.

As set forth in the Court's Statement of Reasons, the following standard was applied to determine whether the enhancement under § 2D1.1(b)(1) was warranted:

> In deciding whether the dangerous weapon enhancement is warranted in this case, the Court considers the comments to § 2D1.1 which provide that

7

a two level enhancement should be applied where a weapon was present "unless it is clearly improbable that the weapon was connected with the offense." Section 2D1.1, comment 11 (A). "The government bears the burden of proving by a preponderance of the evidence that the firearm was present and was probably connected to the drug charge. To carry its burden, the government need only prove a temporal and spatial nexus among the weapon, defendant, and drug-trafficking activity. The government need not prove the defendant had actual possession of the weapon; constructive possession will do." United States v. Torres, 409 F.3d 1000, 1003 (8th Cir. 2005).

(Statement of Reasons [Doc. No. 259] at 3.)

Applying this standard to the evidence presented at the evidentiary hearing and during the trial of Kevin Brown, the Court found the enhancement was warranted.

Petitioner has not demonstrated that a different standard should have been applied to the determination of whether the dangerous weapon enhancement was warranted. As a result, Petitioner has failed to demonstrate that counsel's assistance was deficient with regard to application of the dangerous weapon enhancement.

**B.    Failure to Object to Enhancement for Maintaining a Drug Premises**

Petitioner argues that counsel was also ineffective because he failed to argue or present evidence that Petitioner's and Ms. Conner's primary and

8

principal use of the San Diego home was for ordinary living.

In the written submissions, counsel for Petitioner did argue that the enhancement for maintaining a drug premises was not warranted, as there was insufficient evidence to show that Petitioner controlled the residence, and because there was no direct evidence that the residence was used primarily for the purpose of actively participating in drug transactions. Following the evidentiary hearing, counsel again argued that the enhancement was not warranted.

In determining whether the enhancement applied, the Court looked to the commentary following § 2D1.1(b)(12), which provided that while it is not necessary to show that manufacturing or distributing drugs was the sole purpose for which the premises was maintained, it must be one of the primary or principal uses of the premises. U.S.S.G. § 2D1.1(b)(12), Application Note 17. The Court then determined that based on Agent Williamson's testimony and the evidence presented at the trial of co-defendant Kevin Brown, there was sufficient evidence to support application of this enhancement for maintaining a drug premises. (Statement of Reasons [Doc. No. 259] at 4-5.)

Petitioner has thus failed to demonstrate that counsel's performance with regard to the enhancement for maintaining a drug premises fell below an objective standard of reasonableness under professional norms.

**C.     Prejudice**

The second prong of the <u>Strickland</u> standard requires Petitioner to demonstrate a reasonable probability that but for counsel's errors, the outcome of the proceedings would have been different.  Petitioner cannot make this showing because even if the Court had sustained his objections to the two enhancements discussed herein, the applicable guideline range would have been 121 to 151, based on a total offense level 31 and category II.  Petitioner was sentenced to a term of imprisonment for 144 months; a sentence within that range.  As a result, Petitioner cannot demonstrate a reasonable probability that <u>but for</u> counsel's errors, the outcome would have been different.

**IV.     Certificate of Appealability**

With regard to the procedural rulings in this Order, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling."

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  With regard to the decision on the merits, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 370] is **DENIED**, and the Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date:   August 31, 2017

<span style="margin-left: 40%;">s/ Michael J. Davis<br>Michael J. Davis<br>United States District Court</span>