ITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff/Respondent,

                                        **MEMORANDUM OPINION**
                                              **AND ORDER**
v.                                        Crim. No. 15-108 (01) (MJD)

Anthony Curtis Harris,

      Defendant/Petitioner.

_____

      Amber M. Brennan, Assistant United States Attorney, Counsel for Respondent.

      Petitioner, *pro se*.

_____

This matter is before the Court on Petitioner's motion for relief from a judgment pursuant to Federal Rule of Civil Procedure 60(b) or pursuant to 28 U.S.C. § 2255 if none has been submitted.

## I.     Procedural History

On September 10, 2015, Petitioner pleaded guilty to Count 1 of the Indictment which charged conspiracy to distribute more than 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana and 500

1

grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and 846.

Following an evidentiary hearing, the Court found the applicable guideline range to be 188 to 235 months, based on a total offense level 35, category II. The Court varied down from this guideline range and sentenced Petitioner to a term of imprisonment of 144 months, followed by a five-year term of supervised release. Petitioner filed a Notice of Appeal, but later moved to dismiss his Appeal, which motion was granted.

On March 27, 2017, Petitioner filed a petition for relief pursuant to 28 U.S.C. § 2255. This Court denied the petition and declined to issue a certificate of appealability.

On February 11, 2019, Petitioner filed the instant motion, asking the Court to amend his presentence investigation report ("PSR") so that he may awarded time off his sentence. He asserts that because his PSR references firearms, dangerous chemicals and past convictions of a certain type, as well as prior matters considered to be minor escapes or escapes, Petitioner will not receive credit for completing the BOP R-DAP program that is ordinarily awarded. He

2

thus requests the Court issue an order that the PSR be amended by "deleting any such mention of any items which the BOP would use as a predicate to exclude Petitioner from being among those eligible for and entitled to R-DAP programming and its incentive reward of time credit (time off) upon successful completion of the intensive and life altering, views altering, enlightening program." (Doc. No. 420 at 1-2.)

## II.  Standard of Review

Petitioner moves for relief pursuant to Fed. R. Civ. P. 60(b), which provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief."  "[R]elief under rule 60(b)(6) remains 'an extraordinary remedy' for 'exceptional circumstances.'" City of Duluth v. Fond du Lac Band of Lake Superior Chippewa, 702 F.3d 1147, 1155 (8th Cir. 2013).

When a petitioner files a motion pursuant to Rule 60 following the dismissal of his habeas petition, the Court is to conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a

second or successive collateral attack under 28 U.S.C. § 2255. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). This inquiry is necessary because the law is clear that a petitioner "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005). Section 2255 provides that prior to filing a successive petition for relief, the petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2255 (h).

The Court finds that the motion before it is a successive petition under § 2255. In his motion, Petitioner cites to United States v. Fraley, No. 15-188, 2007 WL 1876455 (E.D. Ky June 27, 2007) to support his claim that this Court can order his PSR amended to delete references to possession of firearms or other references that affect his eligibility for early release upon completion of the R-DAP program. In Fraley, the court granted the requested relief, pursuant to § 2255, on the bases that the government did not object to the motion, and because the record was clear that the court intended the petitioner would be released

early upon completion of the R-DAP program and sentenced the petitioner based on such intention. Id. at 5 ("Based on the excerpt from Fraley's sentencing transcript . . . it is clear that it was the court's intention in sentencing Fraley that she would be entitled to early release if she successfully completed the RDAP. . . . In essence, the court imposed a three-year sentence, with the idea in mind that if Fraley completed the RDP, she would be eligible for one-year credit off this sentence, resulting in a net sentence of two years."); see also Hickerson v. Willingham, No. 3:06-cv-777, 2006 WL 3422186 (D. Conn. Nov. 28, 2006) (court found that petitioner challenging BOP determination to deny her early release based on prior robbery conviction should seek relief pursuant to §2255).

Petitioner did not move in the appropriate court of appeals for an order authorizing the district court to consider his motion as required under § 2255(h). As a result, dismissal of the motion is appropriate. See Boyd, 304 F.3d at 814.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Relief from Judgment By Correcting Pre-Sentence Investigation Report Per FRCP 60(b)(6) or Per 28 U.S.C. § 2255 If None Has Been Submitted and Construing As Such Would Be Timely

[Doc. No. 420] is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:     March 28, 2019

                                            s/ Michael J. Davis
                                            Michael J. Davis
                                            United States District Court