UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                                 **MEMORANDUM OPINION AND ORDER**

Anthony Curtis Harris,             Crim. No. 15-108(01) (MJD)

    Defendant.

Amber M. Brennan, Assistant United States Attorney, Counsel for Plaintiff.

Defendant, *pro se*.

This matter is before the Court on Defendant's *pro se* motion for early release under the CARES Act and the First Step Act, or in the alternative, release to home confinement. (Doc. No. 444)

**I.     Background**

On September 10, 2015, Petitioner pleaded guilty to Count 1 of the Indictment which charged conspiracy to distribute more than 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and 846.

1

On February 10, 2016, the Court varied from the applicable guideline range of 188 to 235 months and sentenced Defendant to a term of imprisonment of 144 months, followed by a five-year term of supervised release.

## II.     Motion for Early Release

In his motion, Defendant asserts he is concerned for his health and safety because of the COVID-19 pandemic and because staff and other inmates around him have become sick.  He asserts he is in a unit that is under quarantine and has not been given information as to what is happening around him.  He asks that he be released to home confinement.  The government opposes the motion.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant

such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

To fully exhaust his administrative remedies, Defendant is required to submit a request to the Warden, and if his request is denied, he must appeal the Warden's decision through the BOP's Administrative Remedy Program, which is set forth in 28 CFR § 542.10 et seq.  This program applies to all inmates under BOP responsibility and provides for a formal review of issues relating to any aspect of his/her confinement.  Id. § 542.10(a) and (b).  Pursuant to these regulations, an inmate may first raise an issue informally.  Id. § 542.13(a).  If the inmate did not resolve the issue informally, he/she may then file a formal Request to the Warden.  Id. § 542.14.  If the inmate is not satisfied with the Warden's decision at this stage, he/she may appeal the Warden's decision to the Regional Director within 20 days of the Warden's signed response.  Id. § 542.15(a).  Such an appeal must be filed on the appropriate form (BP-10).  Id.  Finally, the Regional Director's decision may be appealed by filing a BP-11 form with the Director of the National Inmate Appeals in the Office of the General Counsel.  Id.

In his motion, Defendant did not indicate that he made the appropriate request to the warden. In addition, pursuant to the investigation by the U.S. Probation and Pretrial Services Office, Defendant has not provided the BOP a release plan or a release residence. (Doc. No. 448) His case manager reported that he provided a verbal request of release to his parents' home, but no current contact information was provided by Defendant, and Defendant had failed to provide the proper documentation for relocation to Florida.

Because Defendant has not demonstrated that he has exhausted his administrative remedies or that 30 days elapsed since he submitted a request to the warden, Defendant's motion is not ripe for review.

IT IS HEREBY ORDERED that this matter is stayed until such time as the Court is notified that Defendant has exhausted his administrative remedies or 30 days have passed since he submitted a request to the warden of the defendant's facility, whichever is earlier.

Date:   June 30, 2020

    s/ Michael J. Davis
    Michael J. Davis
    United States District Court