UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                        **MEMORANDUM OPINION AND ORDER**

Anthony Curtis Harris,           Crim. No. 15-108(01) (MJD)

    Defendant.

---

Amber M. Brennan, Assistant United States Attorney, Counsel for Plaintiff.

Defendant, *pro se*.

---

This matter is before the Court on Defendant's *pro se* motion for early release under the CARES Act and the First Step Act, or in the alternative, release to home confinement. (Doc. No. 444)

**I.    Background**

On September 10, 2015, Petitioner pleaded guilty to Count 1 of the Indictment which charged conspiracy to distribute more than 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and 846.

1

On February 10, 2016, the Court varied from the applicable guideline range of 188 to 235 months and sentenced Defendant to a term of imprisonment of 144 months, followed by a five-year term of supervised release.

## II.    Motion for Early Release

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13.  Pursuant to this policy statement, when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such

relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement. U.S.S.G. § 1B1.13. This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Initially, Defendant had not demonstrated that he had exhausted his administrative remedies, and the Court stayed the motion pending exhaustion. Defendant has informed the Court that he made requests to the Warden for a sentence reduction and that thirty days have passed with no response. The government agrees that the exhaustion requirement has been met.

In his motion, Defendant asserts he is concerned for his health and safety because of the COVID-19 pandemic and because staff and other inmates around him have become sick. He also raises the concern that as an African American he is susceptible to severe illness if he becomes infected with the corona-virus. He further asserts he is in a unit that is under quarantine and has not been given information as to what is happening around him. He asks that he be released to home confinement. The government opposes the motion.

The Court finds that Defendant has failed to show "extraordinary and compelling reasons" to warrant relief. Defendant is 39 years old, and he has not demonstrated or claimed that he suffers from any medical conditions, let alone a medical condition that makes him susceptible to serious health risks if infected with COVID-19. The mere existence of the COVID-19 pandemic, without more, does not provide a basis for a sentence reduction. See United States v. Fry, Crim. No. 11-141, 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020).

Further, the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with symptoms of COVID-19 and those who come into contact with them. See www.bop.gov/coronavirus/index.jsp. As of October 15, 2020, the facility at

which Defendant is housed, Yazoo City Low FCI, reports no current cases involving inmates, and six current cases involving a staff member.

Defendant has also failed to demonstrate that he is no longer a danger to the community. Defendant was convicted of conspiracy to distribute more than 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana and 500 grams or more of a mixture and substance containing a detectable amount of cocaine. Given his role in this offense conduct, Defendant poses a danger to the community. See United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991) (recognizing that large scale drug trafficking is a serious danger to the community).

A sentence reduction in this case would also be contrary to the factors set forth in 18 U.S.C. § 3553(a). Notwithstanding Defendant's claims to rehabilitation while serving his prison sentence, the Court finds a sentence reduction would not reflect the seriousness of the offense of conviction, promote respect for the law or provide a just punishment. In addition, Defendant has not yet served one half of his 144 month sentence, and a sentence reduction would create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the offense committed.

Finally, the Court finds that Defendant's request for placement in home confinement falls within the purview of the Bureau of Prisons. See 18 U.S.C. § 3621(b); see also United States v. Kluge, Crim. No. 17-61, 2020 WL 209287, at *3 (D. Minn. Jan. 14, 2020) (finding that nothing in the statutes amended by the First Step Act permits a court to place a defendant in home confinement).

IT IS HEREBY ORDERED that Defendant's Motion For Early Release, or in the Alternative Home Confinement, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 444] is **DENIED**.

Date:  October 19, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court