UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,        **MEMORANDUM OPINION AND ORDER**
                                         Crim. No. 15-108(1) (MJD)

v.

Anthony Curtis Harris,

                Defendant.

---

Katharine T. Buzicky, Assistant United States Attorney, Attorney for Plaintiff.

Defendant Anthony Curtis Harris is *pro se*.

---

This matter is before the Court on Defendant Anthony Curtis Harris's *pro se* Renewed Motion for Compassionate Release. (Doc. 485.) For the reasons discussed below, the Court denies Defendant's Renewed Motion.

**I.    Background**

On September 10, 2015, Defendant pled guilty to Count 1 of the Indictment which charged him with conspiracy to distribute more than 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and 846. On February 10, 2016, the Court varied from the applicable Guidelines imprisonment

1

range of 188 to 235 months and sentenced Defendant to a term of imprisonment of 144 months, followed by a five-year term of supervised release.

On October 19, 2020, this Court denied Defendant's first Motion for Early Release, or in the Alternative Home Confinement, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 457.) The Court denied the Motion because Defendant only raised generalized concerns about the pandemic and "[t]he mere existence of the COVID-19 pandemic, without more, does not provide a basis for a sentence reduction. (Id. at 4 (citing United States v. Fry, Crim. No. 11-141, 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020).) Further, the Court noted that the BOP has safety protocols related to the pandemic in place and the facility at which Defendant was housed reported a low number of COVID cases. (Id. at 4–5.)

In its October 19, 2020 Order, the Court also noted that it was without the authority to grant Defendant's request for home confinement because such a request falls within the BOP's purview. (Id. at 6.)

On April 25, 2022, Defendant filed his Renewed Motion. (Doc. 485.) On May 18, 2022, the Government filed its opposition to Defendant's Renewed Motion. (Doc. 495.) On July 19, 2022, Harris submitted his reply to the Government's opposition. (Doc. 498.)

On July 22, 2022, the Court also received a letter of support for Defendant. (Doc. 499.)

## II. Discussion

### A. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), the court may, in limited circumstances, grant a defendant's motion to reduce his or her term of federal imprisonment. The relief available under this statute is sometimes described informally as "compassionate release." United States v. Crandall, 25 F.4th 582, 583 (8th Cir.).

To grant a motion for compassionate release, the Court must find that:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g).

18 U.S.C. § 3582(c)(1)(A)(i)–(ii). The Court must also find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and it may reduce the defendant's term of imprisonment only "after considering the factors set forth in 18 U.S.C. § 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i).

Before filing a motion for compassionate release under § 3582, a defendant must also exhaust his administrative remedies by making his request to the warden of his federal facility and receive a response, or wait at least 30 days after the BOP receives such a request, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).

When considering a request under 18 U.S.C. § 3582(c)(1), courts consider the policy statement found in the Sentencing Guidelines at U.S.S.G. § 1B1.13 and its related commentary.  See, e.g., United States v. Catano-Morales, No. CR 18-242 ADM/TNL, 2022 WL 3647878, at *2 (D. Minn. Aug. 24, 2022).  "The policy statement and its commentary are 'relevant but not binding' on the Court's determination of whether extraordinary and compelling reasons exist that would warrant a sentence reduction."  Id. (quoting United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021)); but see United States v. Crandall, 25 F.4th 582, 584 (8th Cir.) ("After the First Step Act, however, there is a question whether § 1B1.13 is an 'applicable' policy statement for purposes of § 3582(c)(1)(A).").

**B.     Defendant's Renewed Motion for Early Release**

As in his first motion, Defendant does not argue that he suffers from any unusual risk factors related to COVID-19 to support his Renewed Motion.  In fact, Defendant acknowledges that "he does not have any preexisting health issues."

4

(Doc. 498 at 3.)  Instead, Defendant simply argues that the virus presents risks to all prisoners and emphasizes the rise of new variants of the virus.

Defendant also argues the BOP has not implemented sufficient precautions to prevent the spread of COVID-19 in federal prisons.  He alleges that cases are on the rise at his facility, FCI Yazoo City – Low.  (Doc. 485 at 3–7; Doc. 498 at 3.)

Finally, Defendant argues that changes in state laws and "societal attitudes" toward marijuana since his conviction constitute extraordinary and compelling circumstances warranting compassionate release.  Defendant argues he received a longer than average sentence for a marijuana offense.  (Doc. 498 at 6–7.) Defendant also argues he is rehabilitated and that his risk of recidivism is low.  (Id. at 7, 9.)

Based on these arguments, Defendant seeks a reduction in his sentence of 74 months, which would result in his immediate release from custody or, alternatively, a sentence reduction of 24 months.  (Doc. 485 at 10; Doc. 498 at 10.)

**C.    Analysis**

Defendant has not identified any reasons that could justify granting his Renewed Motion for Compassionate Release.  First, Defendant has not cited any "extraordinary" health conditions showing that he is unusually susceptible to

COVID-19.  The Eighth Circuit has emphasized that "the threat of contracting COVID-19 in the prison environment, still real at this time, is not by itself sufficient reason to modify a lawfully imposed prison sentence."  United States v. Marcussen, 15 F.4th 855, 858 (8th Cir. 2021).  Further, as of October 12, 2022, Defendant's facility only reported one confirmed case of COVID-19 among its inmates and staff.   Federal Bureau of Prisons, COVID-19/Coronavirus Webpage, available at https://www.bop.gov/coronavirus/.  Accordingly, Defendant's generalized arguments concerning COVID-19 cannot warrant compassionate release.

Second, Defendant's request for a sentence reduction based on changes in state laws and societal attitudes toward marijuana is not a proper basis for the Court to grant Defendant's Renewed Motion either.  In two recent cases, the Eighth Circuit has affirmed the denial of compassionate release motions where defendants attempted to raise issues that were properly the subject of other types of motions, such as one brought under 28 U.S.C. § 2255.   United States v. Fine, 982 F.3d 1117, 1119 (8th Cir. 2020) (denying motion where defendant argued court erred in designating him a career offender and also that he had been rehabilitated); Crandall, 25 F.4th at 586 (denying motion where defendant argued court erred in

6

"stacking" counts). In Crandall, the Eighth Circuit emphasized that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." Id.

Defendant's arguments concerning his marijuana distribution offense is not the type of justification courts ordinarily consider as a basis to grant a motion for compassionate release, which most often relate to health, family, and other similar concerns. See U.S.S.G. § 1B1.13, cmt. 1(A). Defendant's arguments concerning his marijuana offense simply do not identify the type of "extraordinary and compelling reasons" that could warrant relief under 18 U.S.C. § 3582(c). Further, Defendant does not raise any similar arguments concerning his cocaine offense, for which the Court also imposed his sentence.

## ORDER

Based on the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Defendant's Renewed Motion for Compassionate Release (Doc. 485) is **DENIED**.

Dated: October 14, 2022              s/Michael J. Davis
                                     Michael J. Davis
                                     United States District Court